IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN GARCIA-LOPEZ,

    Petitioner,

v.

DORA CASTRO, Warden, Otero County
Processing Center; MARY DE ANDA-
YBARRA, Director, El Paso Field Office,
Enforcement and Removal Operations-
U.S. Immigration and Customs
Enforcement; KRISTI NOEM, Secretary,
U.S. Department of Homeland Security; and
PAMELA BONDI, Attorney General, U.S.
Department of Justice,

    Respondents.

Case No. 25-cv-1144 JB/SCY

## ORDER DIRECTING CLERK TO SERVE RESPONDENTS AND TO SHOW CAUSE

This matter is before the Court on Petitioner Martin Garcia-Lopez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[1] Doc. 1. On November 25, 2025, the Court ordered Petitioner to effect service on Respondents and file a proof of service in conformity with the requirements of Federal Rule of Civil Procedure 4. Doc. 4. The Clerk's office also sent a courtesy copy of the Petition to the U.S. Attorney for the District of New Mexico. *Id.* On December 3, Respondent Dora Casto appeared in the case. Doc. 6. On December 9, Petitioner filed a certificate of service, indicating that he served the remaining Respondents by certified mail sent to Pamela Bondi, Attorney General, U.S. Department of Justice; Kristi Noem, Secretary, U.S. Department of Homeland Security; and Mary de Anda Ybarra, Director, El Paso

---

[1] The Honorable James O. Browning referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 3.

Field Office, ICE-ERO. Doc. 7. However, it appears that this service is defective as Petitioner did not send, by certified mail, the Petition and Summons to the civil-process clerk at the United States attorney's office. *See* Fed. R. Civ. P. 4(i)(1).

The Rules Governing Section 2254 Cases ("Section 2254 Rules") permit district courts to "apply any or all of these rules to a habeas corpus petition not covered [under 28 U.S.C. § 2254]." SECT 2254 Rule 1(b); *see also Boutwell v. Keating*, 399 F.3d 1203, 1210–11 n.2 (10th Cir. 2005) (noting that Section 2254 Rule 1(b) grants district courts discretion to apply the Section 2254 Rules to § 2441 petitions). Section 2254 Rule 4 requires the clerk of the court to "serve a copy of the petition and any order on the respondent" once the court orders "the respondent to file an answer, motion, or other response within a fixed time." SECT 2254 Rule 4.2. To ensure service is perfected and that the matter can be heard on the merits as soon as possible, the Court will exercise its discretion in applying Section 2254 Rule 4 to this matter.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall serve copies of the Petition (Doc. 1), summons, and this Order by certified mail upon:

(1) U.S. Attorney's Office, Attn: Civil Process Clerk, 201 3rd Street NW, Suite 900, Albuquerque, NM 87102;

(2) Pamela Bondi, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001;

(3) Kristi Noem, Secretary of Homeland Security, Attn: Office of the General Counsel, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave SE, Washington, DC 20528-0485;

(4) Todd Lyons, Senior Official Performing the Duties of the Director, Attn: U.S. Immigration and Customs Enforcement, Office of the Principal Legal Advisor, 500 12th St. SW, Mail Stop 5900, Washington, DC 20536-5900; and

(5) Mary De Anda-Ybarra, Field Office Director, El Paso Field Office, Attn: U.S. Immigration and Customs Enforcement, Office of the Principal Legal Advisor, 500 12th St. SW, Mail Stop 5900, Washington, DC 20536-5900.

**IT IS FURTHER ORDERED** that Respondents shall respond to the Petition and show cause why the Petition should not be granted within **three days** of receipt of service.[2] *See* 28 U.S.C. § 2243. If the Court sets a hearing, it will do so within five days after the Respondents file their response unless good cause is shown for additional time. Petitioner's reply, if any, is due three days after the response is filed, absent a request showing good cause for an extension of time.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[2] For good cause, Respondents may move for additional time not to exceed twenty days. *See* 28 U.S.C. § 2243.