IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN GARCIA-LOPEZ,

      Petitioner,

v.                                                                 Civ. No. 25-1144 JB/SCY

DORA CASTRO, Warden, Otero
County Processing Center; MARY
DE ANDA-YBARRA, Director, El
Paso Field Office, Enforcement and
Removal Operations- U.S. Immigration
and Customs Enforcement; KRISTI
NOEM, Secretary, U.S. Department
of Homeland Security; and PAMELA
BONDI, Attorney General, U.S.
Department of Justice,

      Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before me on Petitioner Martin Garcia-Lopez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge James Browning referred this case to me under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 3. Having reviewed the briefs and the law, I recommend that the Court grant in part the petition and order an immediate bond hearing.

## BACKGROUND

Mr. Garcia-Lopez is a 51-year-old citizen and national of Guatemala, without lawful status in the United States. Doc. 1 ¶ 15; Doc. 11 at 2. He arrived in the United States more than 23 years ago. Doc. 1 ¶ 15. On October 6, 2025, Immigration and Customs Enforcement ("ICE")

encountered Mr. Garcia-Lopez at a traffic stop in Washington DC and detained him. Doc. 1 ¶ 16; Doc. 11 at 2. After being taken into ICE custody, Mr. Garcia-Lopez was transported to the Otero County Processing Center, Doc. 1 ¶ 16, and was charged with removability, Doc. 11 at 2. On November 10, 2025, while Mr. Garcia-Lopez remained in detention, an Immigration Judge denied his request for custody redetermination because "[t]he Court lacks jurisdiction to grant a bond." Doc. 1 ¶ 17; Doc. 1-2.

On November 17, 2025, Mr. Garcia-Lopez filed the present petition for writ of habeas corpus, challenging his detention. Doc. 1. The court entered an order directing Petitioner to effect service of the petition and, thereafter, for Respondents to show cause why the petition should not be granted. Docs. 4, 8. On December 3, 2025, Respondent Dora Castro appeared and notified the Court that she "joins in the position(s) that the USA Respondents may take related to the Petition and/or other pleadings filed in this matter." Doc. 6. On December 22, 2025, the remaining Respondents filed a response in opposition to the petition, Doc. 11, and Petitioner filed a reply on December 28, 2025, Doc. 12. Because the petition presents a purely legal question, I did not hold a hearing. *See* 28 U.S.C. § 2243 ("Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.").

## ANALYSIS

Mr. Garcia-Lopez filed the present petition for writ of habeas corpus alleging he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Specifically, he argues that he is being improperly detained pursuant to 8 U.S.C. § 1225(b) in violation of his due process rights, and that he is instead entitled to release or an

immediate bond hearing under 8 U.S.C. § 1226. He also requests an award of reasonable costs and attorney's fees. Doc. 1 at 10.

1. **Detention and Bond Hearing**

This petition presents an issue that has become common in the District Courts. As Chief Judge Gonzales explained,

> The Immigration Nationality Act ("INA") "contemplates two detention regimes for noncitizens pending removal proceedings." *Salazar v. Dedos*, [No. 25-835-DHU-JMR,] 2025 WL 2676729, at *3 (D.N.M. [Sept. 17, 2025]); *see Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). The first detention regime provides that when "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted," the noncitizen "shall be detained" for removal proceedings. 8 U.S.C. § 1225(b)(2)(A). This provision "mandates detention" and affords no bond hearing. *Salazar*, 2025 WL 2676729, at *3. The second detention regime authorizes the arrest and detention "on a warrant issued by the Attorney General" of noncitizens "pending a decision on whether [they are] to be removed." 8 U.S.C. § 1226(a). "Under federal regulations, noncitizens detained under" this second detention regime "are entitled to individualized bond hearings at the outset of detention." *Salazar*, 2025 WL 2676729, at *3 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). At the bond hearing, "the burden is on the noncitizen to demonstrate that their 'release would not pose a danger to property or persons, and that [they are] likely to appear for any future proceeding.'" *Id.* at *6 (quoting 8 C.F.R. § 236.1(c)(8)).

> . . .

> This case is among a growing number of challenges to the Government's policy of reclassifying long-term noncitizen residents in the United States as individuals "seeking admission" under 8 U.S.C. § 1225. Historically, "[t]he line drawn . . . is that [§] 1225 governs detention of non-citizens 'seeking admission into the country,' whereas [§] 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, 2025 WL 2084238, at *8 (D. Mass.) (citing *Jennings*, 583 U.S. at 288–89). Recently, however, ICE has detained long-term residents under § 1225(b)(2)(A), thereby subjecting them to mandatory detention. *See Romero*, 2025 WL 2403827, at *1 (collecting cases).

*Pu Sacvin v. De Anda-Ybarra*, No. 2:25-CV-01031-KG-JFR, 2025 WL 3187432, at *1, *2 (D.N.M. Nov. 14, 2025).

I recommend that, in line with the majority of courts in this District, this Court find that § 1226 governs Mr. Garcia-Lopez's detention.[1] *See, e.g.*, *Velasquez Salazar v. Dedos*, No. 1:25-CV-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025) (as to a petitioner that has been in the United States since the late 1980s, "[i]t is clear that § 1226, not § 1225, should have governed Petitioner's detention from the outset"); *Diaz-Cruz v. Dedos*, No. 1:25-CV-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025) (collecting cases and holding that "[l]ike the overwhelming majority of courts who have considered the matter, this Court agrees that § 1226(a) governs [petitioner's] detention and, therefore, Diaz-Cruz is entitled to an individualized bond hearing"); *Gonzalez Ramos v. Dedos*, No. 1:25-CV-00975-MLG-KRS, 2025 WL 3653928, at *4 (D.N.M. Dec. 17, 2025) ("The Court concludes Gonzalez Ramos's detention is governed by § 1226(a). Gonzalez Ramos entered the United States in 1998 and has lived here since. He therefore cannot be considered an applicant 'seeking admission' pursuant to § 1225(b)(2)(A), as he has lived here for decades."); *Molina Ochoa v. Noem*, No. 1:25-CV-00881-JB-LF, 2025 WL 3125846, at *7 (D.N.M. Nov. 7, 2025) (collecting cases). Indeed, the Supreme Court has held that once a noncitizen is within the United States, "Section 1226 generally governs the process of arresting and detaining that group of aliens pending their removal." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018).

As explained by Chief Judge Gonzales,

> Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States" (emphasis added). In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens

---

[1] Respondents do not cite, and I am unaware of any Tenth Circuit cases addressing this issue.

> "*seeking* admission" (emphasis added). The statute consistently differentiates between the broader category of "applicants for admission" and the narrower subset "seeking admission." Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens who entered the country years earlier are not considered to be "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A). *See Nava Hernandez*, 2025 WL 2996643, at *5 ("For a noncitizen to be deemed 'seeking admission,' they must be currently taking active steps . . . to seek lawful entry into the U.S."); *Loa Caballero v. Baltazar*, 2025 WL 2977650, at *6 (D. Colo.) (same); *Lopez-Campos v. Raycraft*, 2025 WL 2496379, at *6 (E.D. Mich.) (same).

*Pu Sacvin*, 2025 WL 3187432, at *3 (footnote omitted). Here, Mr. Garcia-Lopez has been present and living in the United States for more than 23 years and ICE did not apprehend him at or near the border. "Accordingly, § 1225's mandatory detention provision does not apply because Mr. [Garcia-Lopez] already effected an entry into the United States by living here for decades." *Id.* (internal quotation marks and citations omitted).

As in many other cases, Respondents here rely on "the recent precedential decision by the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*," when arguing that Section 1225(b)(2)(A) is applicable. Doc. 11 at 2 (citing 29 I. & N. Dec. 216 (BIA 2025), Interim Decision 4125, 2025 WL 2674169). However, "[t]he agency's interpretation carries only the 'power to persuade,' and most district courts have rejected *Hurtado* as inconsistent with the INA's text." *Pu Sacvin*, 2025 WL 3187432, at *3 (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024)); *see also Molina Ochoa*, 2025 WL 3125846, at *8 ("The Supreme Court recently directed district courts that they 'must exercise independent judgment in determining the meaning of statutory provisions' and 'may not defer to an agency interpretation of the law simply because a statute is ambiguous.'" (quoting *Loper Bright Enters.*, 603 U.S. at 394)).

For these reasons, I recommend finding that § 1226 governs Mr. Garcia-Lopez's detention. In his petition, Mr. Garcia-Lopez argues that he is entitled to "immediate release or at the very least, a custody redetermination decided on its merits." Doc. 1 ¶ 24. "In similar cases in this district, courts have ordered a prompt bond hearing but not the petitioner's immediate release." *Molina Ochoa*, 2025 WL 3125846, at *13 (collecting cases). In line with those cases, I recommend that the Court order Respondents to provide Mr. Garcia-Lopez a bond hearing under Section 1226(a) within seven days of the Court's order. If Mr. Garcia-Lopez is not afforded a bond hearing within that time, I recommend that the Court order his immediate release.

### 2. Attorney's Fees

Mr. Garcia-Lopez also requests that he be awarded reasonable costs and attorney's fees. Doc. 1 at 10. The Tenth Circuit has recently made clear that the Equal Access to Justice Act ("EAJA") "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152 (10th Cir. 2025). EAJA provides that

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Consistent with this provision, I recommend that Mr. Garcia-Lopez may file a motion for EAJA fees, and that briefing on that motion shall proceed according to the deadlines in Local Rule 7.4.

## RECOMMENDATION

For these reasons, I recommend that the Court GRANT IN PART the Petition for Writ of Habeas Corpus (Doc. 1) as follows:

- Respondents shall provide Mr. Garcia-Lopez a bond hearing under Section 1226(a) within seven days of the Court's order;

- If Mr. Garcia-Lopez is not afforded the bond hearing within that time, he shall be immediately released;

- Respondents shall file a status report within eight days of the Court's order as to the status of the bond hearing or release; and

- Mr. Garcia-Lopez may file a motion for EAJA fees and briefing on that motion shall proceed according to the deadlines in Local Rule 7.4.

_____
Steven C. Yarbrough
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**